1  Russell S. Thompson, IV (029098)
2  David McDevitt (030761)
   Thompson Consumer Law Group, PLLC
3  5235 E. Southern Ave., D106-618
4  Mesa, AZ 85206
   602-388-8898
5  866-317-2674 facsimile
6  rthompson@consumerlawinfo.com
   dmcdevitt@consumerlawinfo.com
7  Attorneys for Plaintiff

8              UNITED STATES DISTRICT COURT

9             FOR THE DISTRICT OF ARIZONA

10 Frank Puglia,                        )  Case No.
11                                      )
12 Plaintiff,                           )  **COMPLAINT AND DEMAND FOR**
                                        )  **JURY TRIAL**
13        vs.                           )
                                        )
14 Thor Industries, Inc. and Paul Evert's RV )
15 Country, Inc.,                       )
                                        )
16 Defendants.                          )

17

18                    **NATURE OF ACTION**

19      1.      Plaintiff Frank Puglia ("Plaintiff") brings this action against Defendants
20
21 Thor Industries, Inc. ("Thor") and Paul Evert's RV Country, Inc. ("Paul Evert's RV")
22 (collectively, "Defendants") under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301
23 *et seq.* and A.R.S. § 47-2608.

24                 **JURISDICTION AND VENUE**
25
26      2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

27      3.      Jurisdiction is also conferred at 15 U.S.C. § 2310(d) as the amount in
28 controversy exceeds fifty thousand dollars ($50,000.00).

                            Complaint - 1

4.      The amount in controversy exceeds $50,000.00 in terms of the price of the 2014 Thor Palazzo (the "Motor Home") that is the subject of this litigation, including all collateral charges, diminished value of the Motor Home, and incidental and consequential damages, including but not limited to cover, loss of use, aggravation and inconvenience, the sum total of which exceeds fifty thousand dollars.

5.      Supplemental jurisdiction also exists pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper before this Court, where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

7.      Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Mohave, and City of Kingman.

8.      Thor is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated motor homes and related equipment and services, such as written warranties.

9.      Thor supplies its products under its own brand name and provides services to the public at large through a system of authorized sales and repair/service centers ("authorized agents").

10.      Paul Evert's RV is a corporation authorized to do business in the State of Arizona and is engaged in the sale of commercial goods to the public, including service contracts.

**FACTUAL ALLEGATIONS**

11.     On November 21, 2014, Plaintiff purchased the Motor Home from Paul Evert's RV.

12.     The Motor Home's total sales price was $158,184.84.

13.     In connection with Plaintiff's purchase of the Motor Home, Thor issued a written warranty.

14.     Since Plaintiff took possession of the Motor Home, Plaintiff has experienced various defects and non-conformities in the Motor Home that diminish its value and substantially impair Plaintiff's use of the Motor Home.

15.     In December 2014, Plaintiff brought the Motor Home to Camping World RV Sales, which is a Thor authorized agent, in order to receive warranty service for the following issues:

    a) Wall separating from floor;
    b) Sub-floor separated in basement;
    c) Bunk above driver seating falls;
    d) Defective microwave;
    e) Defective bathroom door;
    f) Dented refrigerator from defective bathroom door;
    g) Defective generator;
    h) Persistent knocking in bathroom wall;
    i) Defective entry door;
    j) Defective drawer catches;
    k) Defective slider track in compartment near entry door;
    l) Defective sound bar/sound system; and,
    m) Defective antenna crank.

16.     Plaintiff was unable to use the Motor Home for 23 days while Camping World RV Sales attempted to repair the above issues under the written warranty issued by

Thor.

17.     Many of the above issues persisted after even after the Motor Home was returned to Plaintiff.

18.     In January 2015, Plaintiff brought the Motor Home back to Paul Evert's RV to fix the uncured non-conformities and additional non-conformities which were either discovered or arose thereafter, including, but not limited to:

a) Defective slide out;
b) Defective trim around entry door;
c) Compartment shelving not level or mounted properly;
d) Defective compartment doors;
e) Defective passenger side bedroom window;
f) Defective shade near passenger side couch;
g) Defective sound bar/sound system;
h) Defective generator;
i) Defective bathroom door;
j) Driver side front fender leak and/or persistent fluid leak;
k) Defective thermostat;
l) Defective microwave;
m) Defective step well cubby;
n) Defective outer wall;
o) Defective passenger side compartment panel; and,
p) Defective bathroom heater.

19.     Since January 2015, the Motor Home has remained at Paul Evert's RV, who has purportedly been attempting to repair the above issues under the written warranty issued by Thor.

20.     On April 2, 2015, Plaintiff inspected the Motor Home at Paul Evert's RV to confirm that the non-conformities had been fixed under warranty.

21.     Upon inspection, Plaintiff discovered that very few of the non-conformities

had been fixed in the three months the Motor Home had been at Paul Evert's RV.

22.     Accordingly, Paul Evert's RV is unable or unwilling to fix the issues, despite having been given ample opportunity to do so.

23.     For some of the Motor Home's aforementioned non-conformities which have gone uncured, Plaintiff was aware of their existence at the time he accepted delivery of the Motor Home, but Plaintiff was assured by Paul Evert's RV and reasonably assumed that the non-conformities would be timely cured.

24.     Upon information and belief, some of the Motor Home's other non-conformities went undiscovered by Plaintiff at the time he accepted delivery of the Motor Home because it was difficult or impossible to discover the non-conformities at the time of acceptance.

25.     The Motor Home still has significant material defects and non-conformities as of the date of the filing of this complaint.

26.     Plaintiff provided Thor, through its authorized repair network, a reasonable opportunity to repair the defects, non-conformities and conditions within the Motor Home and its components.

27.     Despite being given more than a reasonable number of opportunities to cure said defects, non-conformities and conditions, Thor failed to do so.

28.     Thor's warranty therefore failed in its essential purpose.

29.     Thor's failure to correct said defects violates Thor's statutory and common law duties to Plaintiff and the expectations created in its promotional documents and written warranty documents.

30.     As a result of the ineffective repair attempts made by Thor, the Motor Home cannot be utilized as intended by Plaintiff at the time of acquisition and the use and value of the Motor Home has been diminished and/or substantially impaired to Plaintiff.

31.     Plaintiff relied on the representations of Thor's sales agents regarding the length and duration of Thor's warranty when deciding to purchase the Motor Home, as well as statements and/or representations of general policy concerning customer satisfaction when deciding to purchase the Motor Home.

32.     Plaintiff has been and will continue to be financially damaged due to Defendants' conduct or inaction as described herein.

33.     Plaintiff has met all obligations and preconditions as provided in Thor's warranty and by statute(s).

34.     Plaintiff has revoked acceptance of the Motor Home.

35.     As a direct and proximate result of Thor's and Paul Evert's RV's failure to comply with their statutory written warranties, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d) and Ariz. Rev. Stat. § 47-2608, Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## THOR

36.     Plaintiff repeats and re-alleges each and every factual allegation above.

37.     Thor breached the Warranty by failing to make the necessary repairs of the Motor Home in a reasonable amount of time after receiving considerable opportunity to

do so.

WHEREFORE, pursuant to 15 U.S.C. § 2310(d), Plaintiff prays for relief and judgment against Thor, as follows:

    a)    Adjudging that Thor breached the warranty;

    b)    Returning to Plaintiff all monies Plaintiff paid toward the Motor Home;

    c)    Awarding diminution in value damages;

    d)    Awarding Plaintiff damages, pursuant to 15 U.S.C. § 2310(d);

    e)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    g)    Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## REVOCATION OF ACCEPTANCE
## PAUL EVERT'S RV

38.    Plaintiff repeats and re-alleges each and every factual allegation above.

39.    Paul Evert's RV's tender of the Motor Home was substantially impaired to Plaintiff due to its own defects and non-conformities.

40.    Plaintiff's acceptance of the Motor Home was reasonably induced by the difficulty of discovery of the Motor Home's nonconformity and Paul Evert's RV's assurances.  However, Paul Evert's RV has failed to seasonably cure the nonconformity

since Plaintiff's discovery.

41.     Plaintiff has revoked acceptance of the Motor Home within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

42.     Plaintiff has notified Paul Evert's RV of his revocation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

      a)     Adjudging that Paul Evert's RV failed to accept Plaintiff's revocation of acceptance;

      b)     Allowing Plaintiff to revoke acceptance of the Motor Home;

      c)     Returning to Plaintiff all monies Plaintiff paid toward the Motor Home;

      d)     Awarding Plaintiff damages, pursuant to A.R.S. § 47-2711;

      e)     Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to A.R.S. § 12-341.01;

      f)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

      g)     Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45.     Plaintiff is entitled to and hereby demands a trial by jury.

1

2

Dated: April 23, 2015.                      Respectfully submitted,

3

4                                           /s/ Russell S. Thompson, IV
                                            Russell S. Thompson, IV (029098)

5                                           David McDevitt (030761)
                                            Thompson Consumer Law Group, PLLC

6                                           5235 E. Southern Ave., D106-618

7                                           Mesa, AZ 85206
                                            602-388-8898

8                                           866-317-2674 facsimile

9                                           rthompson@consumerlawinfo.com
                                            dmcdevitt@consumerlawinfo.com

10

11                                          Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28